UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BALFOUR BEATTY INFRASTRUCTURE, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-02032-WHO<br><br>**ORDER DENYING MOTION FOR DENIAL OF JOINDER OF, AND/OR TO DISMISS, INDIVIDUAL DEFENDANTS**<br><br>Re: Dkt. No. 59 |

**INTRODUCTION**

In their first amended complaint, Qui Tam Plaintiffs seek to add six individual defendants who are California residents. If I allow them to do so, diversity jurisdiction would no longer exist. Defendant Balfour Beatty moves to deny joinder of the new defendants on the grounds that (i) the amended complaint was filed without leave of Court in violation of the Court's order dismissing Qui Tam Plaintiffs' original complaint, (ii) it was not filed under seal, in violation of California Government Code section 12652(c), and (iii) joinder is a post-removal sham intended to destroy the Court's diversity jurisdiction. Balfour Beatty's motion is DENIED because Qui Tam Plaintiffs consistently expressed an intent to name individual defendants, the individuals are legitimately named given their connection to the facts alleged, and no harm was done as a result of not filing the amended complaint under seal.

**BACKGROUND**

Qui Tam Plaintiffs filed suit on behalf of the East Bay Municipal Utility District, Sacramento County Water Agency, Freeport Water Authority, and the Cities of Sacramento, Roseville, and Rio Vista (collectively, the "Public Entities"), alleging that defendant Balfour Beatty Infrastructure, Inc., a public works contractor, violated the California False Claims Act. Qui Tam Plaintiffs allege that Balfour Beatty defrauded the public entities by employing Laborer apprentices instead of Pipefitter apprentices, in violation of California Labor Code section 1777.5. Qui Tam Plaintiffs' original complaint named Balfour Beatty and Does 1 through 100 as defendants. The complaint stated, "On leave of Court, Qui Tam Plaintiffs Haley, Rotz, and Long will amend this complaint to show the true names and capacities of Does 1 through 100 when the same have been ascertained." Compl. ¶ 3.

The parties filed a joint case management statement on December 4, 2013. Dkt. No. 48. In that statement, Qui Tam Plaintiffs claimed that they "do not yet know with certainty who the Doe Defendants may be, and prefer not to name any individuals until they have obtained the necessary discovery responses. However, Qui Tam Plaintiffs believe that the joinder of at least one prospective defendant would destroy diversity." Dkt. No. 48 at 2. Qui Tam Plaintiffs stated that the prospective defendant is Crandall Bates, who is Balfour Beatty's Responsible Managing Officer, and that "[i]f the facts adduced in discovery warrant, Mr. Bates may be joined as a Defendant. If he is, his joinder will destroy diversity." *Id*.

On December 19, 2013, I granted Balfour Beatty's motion for judgment on the pleadings on the grounds that the complaint was not pleaded with the specificity required by Federal Rule of Civil Procedure 9(b). I explained that

> The Complaint does not identify when Balfour Beatty allegedly employed workers to perform Pipefitter-Steamfitter work processes, what those work processes were, how many apprentices were required, or what apprentices Balfour Beatty hired. The Complaint thus does not provide the "who, what, when, where, and how" of the misconduct charged and does not satisfy Rule 9(b). In order to defend itself against the allegation that it violated Section 1777.5, Balfour Beatty must be informed of the work that it allegedly performed that triggered the requirement to hire apprentices. The complaint is similarly silent as to the False Claims Act allegations as it does not allege when and in what statements and records Balfour

1    Beatty impliedly certified that it was in compliance with Section 1777.5

2  Dkt. No. 53 at 6. I granted Qui Tam Plaintiffs leave to file an amended complaint and ordered that

3  "[a]ny amended complaint shall address the deficiencies noted above." *Id*. I also stated that

4  "[s]hould Balfour Beatty move to dismiss the amended complaint, the parties at that time may

5  brief the proper interpretation of Section 1777.5." *Id*. at 5.

6    Qui Tam Plaintiffs filed a first amended complaint on January 21, 2014. Dkt. No. 55. The

7  amended complaint names six additional individuals as defendants, all allegedly current or former

8  Balfour Beatty managers who were participants in the conduct that is the subject matter of this

9  action. *Id*. ¶¶ 4-9. I heard argument on Balfour Beatty's motion to dismiss on May 28, 2014.

## DISCUSSION

### I. NAMING ADDITIONAL DEFENDANTS WITHOUT LEAVE OF COURT

The December 19, 2013 Order explained that the complaint failed to provide the "who, what, when, where, and how of the misconduct charged." It granted Qui Tam Plaintiffs leave to amend and stated that "Any amended complaint shall address the deficiencies noted above." Dkt. No. 53. The Order required the Qui Tam Plaintiffs to identify the individuals responsible for the alleged conduct, i.e., the "who" of the alleged misconduct. It neither expressly permitted nor prohibited the addition of those individuals as defendants. Given that Qui Tam Plaintiffs previously stated that they intended to add additional defendants once identified, if appropriate, and even identified one of the individual defendants, Crandall Bates, it was not a surprise when the individuals were named. There is no prejudice to defendants in not requiring Qui Tam Plaintiffs to request leave to amend under these circumstances.[1]

### II. THE AMENDED COMPLAINT DID NOT NEED TO BE FILED UNDER SEAL

California Government Code § 12652(c)(2), which governs *qui tam* actions, provides that "A complaint filed by a private person under this subdivision shall be filed in superior court in camera and may remain under seal for up to 60 days." Neither the Ninth Circuit nor California

---

[1] Had Qui Tam Plaintiffs sought leave to add the individual defendants, leave would have been granted.

3

courts have addressed whether the sealing requirement applies to amended complaints. Balfour Beatty argues that it does; Qui Tam Plaintiffs argue that it does not.[2] Since the amended complaint is substantially similar to the original one and no harm could result from its filing, Qui Tam Plaintiffs were not required to file it under seal.

Balfour Beatty argues that the "sealing requirement applies to any 'complaint,' and the plain language of the term 'complaint' unambiguously includes an amended complaint." Mot. at 8. Balfour Beatty also argues that the policy behind the sealing requirement—allowing the government "the opportunity to study and evaluate the relator's information for possible intervention"—is only accomplished if the sealing requirement applies to amended complaints. Mot. at 9 (citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995)). In opposition, Qui Tam Plaintiffs argue that a requirement that amended complaints be filed under seal cannot be reasonably implied because "[t]he complaint has already been served on the defendant, so the cat is out of the bag." Opp. at 5.

District courts outside of California appear to agree that an amended complaint that is substantially similar to the original complaint does not need to be filed under seal. In *U.S. ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 683 (E.D. Va. 2011), the court stated that "any reasonable construction of the term "complaint" in the context of this statute surely includes amended complaints." The court, however, further explained that the term "complaint" did not encompass amended complaints that were substantially similar to the original complaint. *Id*. at 684. The *Davis* court denied the defendants' motion to dismiss the unsealed second amended complaint because the unsealed complaint was "substantially similar" to the original complaint and, accordingly, "the unsealed filing of the SAC did not deprive the government of the opportunity to investigate relators' allegations and to decide whether to intervene in the *qui tam* action." *Id.* at 685. In *Wisz ex rel. U.S. v. C/HCA Dev., Inc.*, 31 F. Supp. 2d 1068, 1069 (N.D. Ill. 1998) the court denied a motion to dismiss filed by a defendant added as a party in an amended complaint filed not under seal. The court stated that the sealing statute "applies only to 'the complaint' and

---

[2] Qui Tam Plaintiffs' original complaint was filed under seal.

4

1  not to any amended complaint," and, in any event, the amended complaint "alleged the same type
2  of fraudulent conduct as the original complaint, which the Government already had a chance to
3  review. The Government thus was afforded an opportunity to determine whether Ms. Wisz' suit
4  involved matters already under investigation and whether it was in the Government's interest to
5  intervene." *Id*. *U.S. ex rel. Wilson v. Bristol Myers Squibb, Inc.*, 2011 WL 2462469, *6 (D. Mass.
6  June 16, 2011) is not to the contrary. Although the court denied a motion for leave to file an
7  amended complaint where the amended complaint was not filed not under seal, in doing so it
8  expressly found that the amended complaint was not substantially similar to the prior complaint,
9  but instead added new allegations that were based solely on the knowledge of a new *qui tam*
10 plaintiff added in the amended complaint.

11        Consideration of the purpose behind the sealing provision also indicates that sealing an
12 amended complaint is not required where the amended complaint is substantially similar to the
13 original complaint. The Ninth Circuit explained that the sealing provision in the federal False
14 Claims Act "allows[s] the *qui tam* relator to start the judicial wheels in motion and protect his
15 litigative rights, while allowing the government the opportunity to study and evaluate the relator's
16 information for possible intervention in the *qui tam* action or in relation to an overlapping criminal
17 investigation." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995). The
18 sealing requirement is primarily intended to benefit the government by allowing the government to
19 study the claims for possible intervention. Any benefit to the defendant is incidental. Requiring
20 an amended complaint to be sealed does not benefit the government if the amended complaint
21 relates to the same claims and conduct as the original complaint that the government already had
22 the opportunity to study.

23        Here, the amended complaint relates to the same projects and allegations as the original
24 complaint. While it provides additional details and names additional defendants, the government
25 has already had the opportunity to evaluate the allegations for possible intervention or to institute
26 separate criminal proceedings. The sealing policy would not be advanced by sealing the amended
27 complaint. *See, e.g., Wisz*, 31 F. Supp. 2d at 1069 (amended complaint did not need to be filed
28 under seal, even though it added a new defendant, because the amended complaint "alleged the

5

same type of fraudulent conduct as the original complaint, which the Government already had a chance to review"). In addition, there is no danger of unwittingly alerting the defendants that they are subject of a criminal investigation because the original complaint already disclosed the conduct at issue.

Balfour Beatty argues that the amendments to the original complaint "impact the named public entities' interests and potentially affect their current litigation strategy of nonintervention." Mot. at 9. But should the public entities determine that they are not adequately represented by Qui Tam Plaintiffs, the Government Code explicitly provides that they may intervene in this action even though they initially declined to do so. *See* Cal. Gov't Code § 12652(f)(2)(A) ("Upon timely application, the court shall permit the state or political subdivision to intervene in an action with which it had initially declined to proceed if the interest of the state or political subdivision in recovery of the property or funds involved is not being adequately represented by the qui tam plaintiff.").

Even if the amended complaint should have been filed under seal, Qui Tam Plaintiffs' failure to do so would not warrant dismissal of the amended complaint. As Balfour Beatty concedes, violation of the sealing requirement "does not per se require dismissal of a *qui tam* complaint." Mot. at 10 (citing *Lujan*, 67 F.3d at 245). Although Balfour Beatty contends that dismissal is appropriate because (1) the violation harmed the public entities; (2) Qui Tam Plaintiffs violated all aspects of the sealing requirement; and (3) Qui Tam Plaintiffs violated the sealing requirement in bad faith, *id.* at 245-48, I disagree. *First*, as noted above, the public entities have not been harmed and they can still intervene if they determine that they are not being adequately represented by the Qui Tam Plaintiffs. *Second*, Qui Tam Plaintiffs filed the original complaint under seal, giving the public entities the opportunity to examine the central allegations before they were made public. *Third*, there is no indication that Qui Tam Plaintiffs acted in bad faith. The amended complaint will not be dismissed on these grounds.

### III. THE COURT DECLINES TO DENY JOINDER UNDER SECTION 1447(e)

28 U.S.C.A. Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

6

joinder, or permit joinder and remand the action to the State court." Section 1447(e) "is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998). "Courts in this district generally consider five factors when determining whether to allow joinder under § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. Pro. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; and (5) the strength of the claims against the new defendant." *Greer v. Lockheed Martin*, 2010 WL 3168408, *4 (N.D. Cal. Aug. 10, 2010) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000)).

Qui Tam Plaintiffs appear to concede that the individual defendants are not indispensable parties[3] and that statutes of limitations would not prevent the filing of a new action against the individual defendants in state court. However, I find those factors of minimal importance in this case because Qui Tam Plaintiffs have long signaled their intention to add the individual defendants to this action, there is no prejudice to Balfour Beatty,[4] and a separate *qui tam* action against the individuals would be barred for the reasons stated below. Instead, the alleged delay in seeking joinder, the alleged motive to defeat federal jurisdiction, and the alleged weakness of the claims against the individual defendants are the decisive factors in this case. For the reasons stated below, those allegations are not supported by the record and do not justify denying Qui Tam Plaintiffs the opportunity to assert claims against the individual defendants in this action.

---

[3] Instead, Qui Tam Plaintiffs assert that the distinction between indispensable and permissive parties is not helpful "since § 1447(e) is not limited to the joinder of indispensable parties." Opp. at 10 n.3.

[4] Balfour Beatty contends that it will be prejudiced by joinder because remand "defeat[s] Balfour Beatty's statutory right of removal." Reply at 12. But remand is not, in itself, prejudice warranting denial of joinder. Otherwise every party could defeat joinder by asserting prejudice, regardless of the posture of the case.

### A. The alleged delay in seeking to join the individual defendants does not weigh against joinder.

The parties dispute whether Qui Tam Plaintiffs unreasonably delayed in adding the individual defendants. Balfour Beatty contends that Qui Tam Plaintiffs knew the identities of three of the six individual defendants at the time they filed the original complaint in October 2012, and have no reason for their failure to name them as defendants until the amended complaint was filed in January 2014. Reply at 10 n.7. At the oral argument, I asked Qui Tam Plaintiffs to file a response to this assertion. Qui Tam Plaintiffs filed a responsive declaration on May 28, 2014. Dkt. No. 71. In turn, Balfour Beatty filed a letter brief responding to Qui Tam Plaintiffs' declaration, and Qui Tam Plaintiffs filed a letter in reply to Balfour Beatty's letter brief. Dkt. Nos. 71, 72.

I have reviewed the parties' supplemental submissions. I am satisfied that, at the time that Qui Tam Plaintiffs filed the original complaint, they had access to documents from which they could have learned the identities and positions of three of the six individual defendants, but they, in good faith, believed that they lacked sufficient information to name them as defendants. I accept the representation of Qui Tam Plaintiffs' counsel that Qui Tam Plaintiffs did not believe that they had sufficient information to name the individuals as defendants until November or December 2013. *See* David Decl. ¶¶ 7-9 [Dkt. No. 71]; Davis Letter at 1-2 [Dkt. No. 73].

### B. Qui Tam Plaintiffs' purported desire to defeat federal jurisdiction does not warrant denial of joinder

Balfour Beatty claims that Qui Tam Plaintiffs' sole motive in adding the individual defendants is to destroy diversity jurisdiction. Qui Tam Plaintiffs respond that they do not have an improper motive because "the individual defendants have been part of this action from the beginning, and although their identities were not known at the time, the original complaint clearly contemplated ascertaining those identities and naming the defendants by amendment." Opp. at 17. Qui Tam Plaintiffs also assert that they "are justified in wanting to see justice done" and denial of joinder would immunize the individual defendants because the California False Claims Act's pending-action and public-disclosure bars would preclude a subsequent action against them in

state court.[5]  Opp. at 10-11.

   Balfour Beatty is likely correct that Qui Tam Plaintiffs were motivated to add the individual defendants at least in part as a means of having this matter remanded to state court.  But Balfour Beatty was also motivated by its preference for one forum over the over: it removed this matter to federal court after Qui Tam Plaintiffs filed it in state court.  In such a case, "[t]he mere preference for one forum over another does not weigh in the section 1447(e) analysis."  *Dhawan v. Broadway Partners*, 13-cv-0336 PJH, 2013 WL 1615854, *2 (N.D. Cal. Apr. 15, 2013) (allowing joinder of diversity-destroying defendant even though it was likely that "plaintiff was motivated by a desire to have this case remanded").  Rather, "the key question is whether [the new defendant] is a sham defendant, added *solely* to defeat diversity jurisdiction."  *Id.* (emphasis in original).

   The individual defendants are not sham defendants.  They are allegedly current or former Balfour Beatty managers who were key participants in the conduct that is the subject matter of this action.  *See* First Amended Complaint ¶¶ 4-9.  Under the California False Claims Act, they are potentially jointly-and-severally liable along with Balfour Beatty.  Government Code § 12651(c).  Qui Tam Plaintiffs' original complaint, filed in state court in October 2012, named DOE defendants and stated that Qui Tam Plaintiffs intended to seek leave to amend the complaint once those individuals were identified.  Compl. ¶ 3.  Qui Tam Plaintiffs again signaled their intention to add the individual defendants to the action in the December 2013 joint case management statement.  Dkt. No. 48 at 2 ("Qui Tam Plaintiffs do not yet know with certainty who the Doe Defendants may be, and prefer not to name any individuals until they have obtained the necessary discovery responses").  Moreover, the parties apparently agree that denial of joinder would preclude a subsequent *qui tam* action against the individual defendants.  While the public entities could arguably file suit against the individual defendants if joinder was denied, there is no indication that they are going to do so.  Accordingly, the individuals were not named as

---

[5] Balfour Beatty responds that the pending-action and public-disclosure bars only preclude a subsequent *qui tam* action against the individuals; not a lawsuit by the public entities.  Reply at 9.

defendants *solely* for the purpose of destroying diversity jurisdiction.

### C. The purported weakness of the claims against the individual defendants does not warrant denying joinder

Balfour Beatty contends that the claims against the individual defendants are weak because (i) it is "doubtful" whether individual defendants can be liable for false claims in an implied-certification case, (ii) the claims are barred by the California False Claims Act's public disclosure bar, and (iii) Qui Tam Plaintiffs' claims are based on an incorrect interpretation of Section 1777.5.

None of these purported weaknesses warrant denying joinder. The absence of authority discussing individual employees' liability for false claims does not mean that there can be none. That question should appropriately be resolved on a more complete record, not by denying joinder. Likewise, determining whether the claims against the individuals are barred by the public disclosure bar[6] and whether Qui Tam Plaintiffs' interpretation of Section 1777.5 is incorrect are serious legal questions which merit full briefing. None of these issues render the claims against the individual defendants so weak that Qui Tam Plaintiffs should be denied the opportunity to assert those claims in this action.

### CONCLUSION

For the reasons stated, Qui Tam Plaintiffs' motion to deny joinder and/or dismiss the individual defendants is DENIED.

**IT IS SO ORDERED**.

Dated: June 11, 2014



WILLIAM H. ORRICK
United States District Judge

---

[6] Balfour Beatty states that "[t]he Employees will defeat Relators' claims on this ground via summary judgment if necessary." Mot. at 17. They will have the chance to do so.